[44 NYS3d 522]

In the Matter of DAVID JAY BERNSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 11, 2017

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*David Jay Bernstein*, Deerfield Beach, FL, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

By order dated February 5, 2015 (160 So 3d 899 [2015]), the Supreme Court of Florida publicly reprimanded the respondent, approving the Referee's uncontested report dated January 5, 2015.

The respondent was admitted to the Florida Bar on November 30, 1994.

On or about May 20, 2014, the Florida Bar filed a complaint against the respondent. On December 5, 2014, the respondent filed a "Conditional Guilty Plea for Consent Judgment," wherein he agreed to: (1) receive a public reprimand for his misconduct; (2) cease offering legal services or identifying his law practice as "Federal Criminal Defense Center" or "Federal Legal Center"; and (3) pay the costs of the Florida bar's prosecution of the matter. The basis for his plea was as follows:

File No. 2012-50,489 (17G)

Ivan Hall, through his mother, retained the respondent's law firm regarding postconviction relief. While there was no written fee agreement, Hall's mother paid $1,000 upon retention and understood that an additional $500 was due at a later date. This additional $500 was never paid, and the respondent refunded the $1,000. Although the representation was for the limited legal service of one postconviction remedy without an appearance in the proceeding, the respondent did not secure written informed consent for this limited representation.

During the course of the representation, all communication with the law firm was between James Murphy, a law firm paralegal, and Hall or his mother. Murphy ignored office protocol relative to the Hall case and worked independently without reporting to the respondent in any manner until such time as the client filed a grievance. Murphy was prosecuted for the unlicensed practice of law and, in that proceeding, he admitted that he acted covertly and surreptitiously to hide the very existence of the Hall case from the respondent. The respondent was out of the office for an extended period due to health issues during this time. The respondent has since undertaken remedial measures to effect stricter supervision over his employees.

File No. 2014-90,015 (02S)

On or about June 11, 2013, the respondent's office disseminated or caused to be disseminated a direct mail letter to an individual represented by the complainant, Peter Levin. The direct mail advertisement was not filed for review with the Florida Bar at least 20 days before mailing as required by Fla Stat § 4-7.19 (a). The direct mail advertisement was noncompliant in other respects as well, including the use of the name "Federal Legal Center."

File No. 2013-50,351 (17G)

Jesus Acosta hired Federal Criminal Research, Inc. in 2008 to file certain postconviction motions on his behalf. Federal Criminal Research, Inc. was initially owned by Paul Luskin, a disbarred attorney, and was at a different location and not related to the respondent's firm in any manner. Any and all monies paid by Acosta in relation to the motions were paid to Luskin and not the respondent. Sometime thereafter, Luskin and his company ceased working on Acosta's matter.

Beginning in or around 2011, James Murphy began corresponding with Acosta under the respondent's letterhead, "Federal Criminal Defense Center," without the respondent's knowledge. Murphy sent several written communications directly to Acosta throughout the representation which did not disclose his nonlawyer status. The respondent asserted that, similar to the Hall matter, he was not made aware by Murphy of the Acosta matter, which occurred around the same time. Again, the respondent has undertaken remedial measures to effect stricter supervision over his employees, inclusive of Murphy's termination as an employee of the law firm.

The respondent admitted that he violated the following Rules Regulating the Florida Bar: rules 4-1.2 (c) (limiting scope of representation), 4-1.3 (reasonable diligence and promptness in representation), 4-1.4 (a) (client communications) and (b) (informed decision making by client), 4-5.3 (a) (supervision of nonlawyers), (b) (ensure nonlawyers' conduct is compatible with professional obligations of the firm) and (c) (review work product of nonlawyers), 4-8.4 (a) (violate Rules of Professional Conduct) and (d) (conduct prejudicial to the administration of justice), 4-1.16 (a) (2) (withdrawing from representation), 4-7.9 (c) (use of trade name), 4-7.21 (b) (misleading firm name), 4-7.18 (b) (2) (H) (advertisements) and (b) (2) (C) (advertisements) and 4-7.19 (a) (advertisements). At all relevant times, the respondent used the trade names Federal Criminal Defense

Center and Federal Legal Center, in violation of Rules Regulating the Florida Bar rule 4-7.9 (c), and has agreed to cease using these names.

The respondent asserted the following mitigation: no prior discipline, lack of a dishonest or selfish motive, cooperation with the disciplinary proceedings, the undertaking of remediation, good character and reputation in the community, the existence of serious medical issues during the time that the misconduct occurred, and expressions of remorse.

The Florida Bar approved the proposed plea.

In a report dated January 5, 2015, the Referee accepted the consent judgment and recommended its approval. By order dated February 5, 2015, the Supreme Court of Florida publicly reprimanded the respondent, approving the Referee's uncontested report.

On April 19, 2016, the Grievance Committee served the respondent with a copy of a notice pursuant to former 22 NYCRR 691.3.

The respondent has submitted a verified statement wherein he contends that imposition of reciprocal discipline would be unjust because the conduct complained of was the "direct result of a paralegal, in [his] employ, who engaged in the unlicensed practice of law without [his] knowledge." Murphy admitted, in an affidavit submitted to the Florida Bar, that he acted surreptitiously and unilaterally and did not apprise the respondent of his actions on the subject matters. As a consequence, the respondent argues that, since he was wholly unaware of Murphy's conduct, he "would not have been able to detect that he was engaging in the unauthorized practice of law." The respondent claims that, under New York law, rule 5.3 of the Rules of Professional Conduct (22 NYCRR 1200.0) requires an attorney to have knowledge of the unauthorized practice of law, and that he "never had the necessary knowledge to have been able to intervene, avoid, mitigate or remediate the effects of this unauthorized practice of law." Additionally, the respondent, who suffers from various serious health problems, underwent heart surgery in the summer of 2012 and was recuperating into 2013. As a result, the respondent points out that not only did his health issues, as a general matter, render him more dependent on support staff than the average attorney, but his health issues prevented him from being in the office on a daily basis during the period in question.

The respondent does not dispute the conditional guilty plea for consent judgment he entered in Florida. He states that he ultimately assumed responsibility for the matter in order to avoid further litigation and the risk of being suspended from the practice of law.

We have considered the aforementioned arguments, but we conclude that the imposition of reciprocal discipline would not be unjust in view of the fact that the respondent admitted that he committed multiple violations of the Florida disciplinary code and consented to the public reprimand in Florida. More specifically, the respondent admitted, among other things, that he failed to properly supervise his paralegal. Under rule 5.3 (b) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0), the standard for liability to attach is knows or should have known. As part of his plea, the respondent represented that he undertook remedial measures to effect stricter supervision over his employees, which necessarily indicates that the supervision in place during the relevant time period was inadequate or lax.

Based on the findings of the Supreme Court of Florida, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is publicly censured.

ENG, P.J., RIVERA, DILLON, BALKIN and COHEN, JJ., concur.

Ordered that the Grievance Committee's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 1240.13 (c), the respondent, David Jay Bernstein, is publicly censured for his professional misconduct.