Matter of Bernstein (2021 NY Slip Op 01254)





Matter of Bernstein


2021 NY Slip Op 01254


Decided on March 3, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2019-14299

[*1]In the Matter of David Jay Bernstein, an attorney and counselor-at-law. (Attorney Registration No. 2019537)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 11, 1985. By order to show cause dated December 31, 2019, the respondent was directed to show cause why an order should not be made pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by order of the Supreme Court of Florida dated July 3, 2019.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
By order dated July 3, 2019, the Supreme Court of Florida, inter alia, suspended the respondent from the practice of law for a period of one year for his professional misconduct. The Florida proceeding emanated from the respondent's misconduct in the course of his representation of two clients, both outside the State of Florida. The Florida Bar's complaint consisted of two counts, which in total alleged that the respondent violated 21 disciplinary rules. After a hearing before a Special Referee, the respondent was found guilty of violating all 21 rules contained in those two counts.
Florida Disciplinary Proceeding - Count 1
On or about April 25, 2013, the respondent was retained by Shantangela Allen on behalf of her mother, Angela Allen, for post-conviction matters emanating from Angela's 2011 conviction of murder in the State of Alabama and who at the time was serving an 85-year prison sentence. Although not licensed or otherwise authorized to practice law in Alabama, the respondent represented to Shantangela that he was a "national attorney" and agreed to "Research and File [a] Rule 32 Motion for Post Conviction Relief" on Angela's behalf.
On August 29, 2013, the respondent filed a Petition for Relief from Conviction or Sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure (hereinafter the Rule 32 petition) with the Shelby County Circuit Court in Alabama. The Rule 32 petition, which identified the respondent as the attorney representing Angela, was not signed by Angela under oath as required by the court, nor did it contain a signed attorney verification. Subsequently, on September 30, 2013, the respondent filed a second Rule 32 petition with the court, which unlike the first filing, contained a notarized signature from Angela, but that no longer contained the respondent's name. On January 21, 2014, the State of Alabama filed a response to the Rule 32 petition and further moved to dismiss.
By order dated February 20, 2014, the Circuit Court denied Angela's Rule 32 petition, stating, in relevant part:
"The petition for relief . . . is summarily dismissed as untimely filed. A document which purported to be a petition for relief from conviction or sentence was filed with this court on August 29, 2013. The document did not comply with the filing requirements . . . . It was not notarized, was missing petitioner's signature and/or was not signed by an attorney licensed to practice law in this state. The petitioner's later attempts to remedy the defects made outside the time permitted by the rule could not cure the petition so as to make it timely filed."
On or about April 12, 2014, Angela, having not been informed of the dismissal, sent a letter to the respondent expressing her confusion as to the status of her case. Moreover, while noting that the court was not "acknowledging the fact" that she had an attorney of record, Angela asked the respondent directly whether he was permitted to practice law in Alabama. In response, the respondent failed to address the case dismissal or his ability to practice law in Alabama. Instead, the respondent sent Angela a motion seeking (1) a copy of response papers from the State of Alabama; and (2) an extension of time to reply when said response papers were filed, along with instructions on how Angela was to file the motion with the court. By letter sent to the respondent dated May 28, 2014, Angela informed the respondent that the extension request was denied by the court and further inquired whether anything else could be done. The respondent did not reply and had no further communication with Angela.
Angela subsequently retained Richard Jensen, an Alabama attorney with extensive experience in Rule 32 Petitions. Jensen, who learned that the respondent was not licensed to practice law in Alabama, filed an Unauthorized Practice of Law complaint against the respondent with the Alabama State Bar. On or about January 17, 2017, the respondent executed a Cease and Desist Affidavit pertaining to his unlicensed practice of law in Alabama. In his response papers to the Alabama Bar, the respondent stated, inter alia, that "[i]n the rush of things, [he] did not take the time to examine the Alabama code or bar rules relating to the unauthorized practice of law."
At the respondent's Florida disciplinary hearing, Jensen testified that the Rule 32 petition filed by the respondent was "deficient" and was "a cut and paste of a form available in the Alabama forms directory . . . but was not a complete Rule 32 petition," and that, upon review of the record of Angela's criminal case, meritorious issues were identified that the respondent had failed to raise. Jensen subsequently filed a new Rule 32 petition. The new Rule 32 petition was dismissed as a "prohibited successive petition for post-conviction relief."
Following a demand that the respondent refund Angela's retainer, the respondent returned $3,500 of the $4,000 Angela had paid. When doing so, the respondent included a proposed confidentiality agreement, which, although never executed, was found by the Florida referee to be an attempt by the respondent to discourage Angela from reporting his misconduct to disciplinary or other authorities.
Florida Disciplinary Proceeding - Count 2
On or about March 12, 2014, the respondent was retained by Jerry Joshua, a criminal defendant, to litigate a 28 USC § 2255 motion on his behalf in the United States District Court, Eastern District of Virginia (hereinafter the Federal Court). The respondent received a fee of $5,000. The respondent, who was not admitted in Virginia, was required to hire local counsel as part of his request for pro hac vice status, and as such, hired Matthew Hardin. On or about May 31, 2016, the respondent filed an "Application to Qualify as a Foreign Attorney" under Virginia Local Civil Rule 83.1(D) and Virginia Local Criminal Rule 57.4. On or about June 2, 2016, the respondent filed a second of the same application in order to correct a misspelling of his name on the attorney certification. Pro hac vice status was granted by the Federal Court on June 2, 2016.
Both applications contained, in relevant part, the following certification from the respondent:
"I have not been reprimanded in any court nor has there been any action in any court pertaining to my conduct or fitness as a member of the bar."
On June 30, 2016, Hardin learned that the respondent had prior disciplinary history despite his pro hac vice applications certifying otherwise; namely, that by order of the Supreme Court of Florida dated February 5, 2015, the respondent had been issued a reprimand (see Matter of Bernstein, 148 AD3d 4). Hardin immediately filed a "Notice of Inaccurate Filing" alerting the Federal Court of the respondent's false certification on his applications. At the time Hardin filed this notice, the respondent had already filed the 28 USC § 2255 motion on Joshua's behalf. On July 5, [*2]2016, the Federal Court issued a Show Cause Order based upon the notice filed by Hardin. In response, the respondent alleged that he omitted the information because he "failed to see and absorb the statement . . . that [he] had never been disciplined" and attributed the omission to the style of the federal pro hac vice application form. Additionally, the respondent reported to the Federal Court three additional incidents: an admonishment by the United States District Court for the District of Kansas, dated April 13, 2016, issued due to the respondent's failure to adequately disclose the Florida reprimand in a pro hac vice motion to that court, and two civil malpractice lawsuits filed by clients following bar complaints.
In an order from the Virginia Federal Court, dated July 14, 2016, the respondent's pro hac vice admission in the Joshua matter was revoked. The court stated, in pertinent part:
"Mr. Bernstein now discloses three additional court actions that pertain to his conduct or fitness as a member of the bar, which thus constitute additional misrepresentations on his signed pro hac vice admission application with this court . . . . Thus, rather than showing cause, Mr. Bernstein has, in fact, created a more severe situation: he omitted a total of four relevant proceedings, not just one, in his application for pro hac vice admission to this court."
On July 15, 2016, the Federal Court issued a second Show Cause Order, directing the respondent to show cause why he should not be barred generally from pro hac vice admission until further order of the court, given his "extensive and serious misrepresentations." By order dated July 25, 2016, the respondent was barred by the court from pro hac vice admission until further order of the court.
Based on the foregoing conduct, the respondent was found, by clear and convincing evidence, to have violated Rules Regulating The Florida Bar rules: 3-4.2 (Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline); 3-4.3 (The standards of professional conduct required of members of the bar are not limited to the observance of rules and avoidance of prohibited acts); 4-1.1 (A lawyer shall provide competent representation to a client); 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client); 4-1.4(a) (Informing Client of Status of Representation) and (b) (Duty to Explain Matters to Client); 4-1.5(a) (Illegal, Prohibited, or Clearly Excessive Fees and Costs); 4-3.3(a)(1) (A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to a tribunal by a lawyer); 4-4.1(a) (In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person); 4-5.5(a) (A lawyer may not practice law in a jurisdiction other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state or assist another in doing so); and 4-8.4(a) (A lawyer shall not violate or attempt to violate the Rules of Professional Conduct), (b) (A lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), (c) (A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (d) (A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). By order of the Supreme Court of Florida dated July 3, 2019, inter alia, the respondent was suspended from the practice of law for a period of one year, ordered to pay restitution of $5,000 to Joshua and $500 to Angela, and to pay $3,250.14 in recovery costs to the Florida Bar.
New York Proceedings
By order to show cause dated December 31, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of Florida dated July 3, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. Although being duly served with a copy of this Court's order to show cause on January 2, 2020, the respondent failed to submit papers in response.
Findings and Conclusion
In considering the appropriate sanction, we find that the respondent engaged in serious misconduct. In the Angela matter, the respondent represented that he could take the Alabama case because he was a "national attorney." However, the respondent was not licensed to practice law in Alabama, and at no time did he seek pro hac vice status. Later, the respondent ignored Angela's [*3]direct question about his ability to practice law in Alabama. The respondent thereafter failed to properly file Angela's Rule 32 petition, thereby causing it to be dismissed. As the time period to file for this relief had expired, Angela was subsequently barred from seeking this post-conviction relief. As noted by the Florida referee: "Angela had but one opportunity for post-conviction relief under Alabama Rule 32, and that opportunity was wrongfully taken from her by Respondent."
Moreover, even if the Rule 32 petition had been timely filed, it was likely deficient, as the respondent used a pro forma template without providing detailed information or arguments tailored to Angela's case, and further failed to include other meritorious arguments later identified by Angela's subsequent counsel. The respondent did not advise Angela of the dismissal, and instead provided her with a motion that he knew, or should have known, would have no effect on her case. Thereafter, he failed to respond to Angela's inquiries about additional remedies.
Moreover, the respondent initially refused to refund Angela's retainer fee and did not refund part of the fee until Angela's newly retained attorney interceded. The respondent compounded his misconduct by including with the refund check a non-disclosure agreement in an attempt to hide his unlawful practice of law.
The respondent has further shown a pattern of filing false certifications on pro hac vice applications. Less than two months after being sanctioned by a federal court in Kansas for lack of candor regarding his disciplinary history on his pro hac vice application, the respondent falsely certified that he had no disciplinary history in a subsequent application for pro hac vice status in a Virginia federal court. The Florida referee determined that the respondent "acted with intent when making the false certifications," and that they were "knowing and deliberate."
Despite the respondent's extensive experience as a practitioner, he engaged in a pattern of misconduct by failing to disclose to multiple federal courts his disciplinary history. In doing so, the respondent caused courts to unnecessarily expend judicial resources. Notably, the false statements or omissions were made on applications for pro hac vice status, where the court relies on the honesty of the attorney making the application.
Finally, it is noted that the respondent failed to notify this Court, pursuant to 22 NYCRR 1240.13(d), of the discipline imposed by Florida.
We find that the respondent's pattern of filing applications with multiple courts containing false representations; the harm suffered by his clients, and in particular, the respondent's misconduct which deprived an incarcerated client of an opportunity to challenge her criminal conviction and therein her incarceration; his failure to notify this Court of the Supreme Court of Florida's order; his past disciplinary history; and his failure to respond to this Court's order to show cause, are significant aggravating factors.
In view of the foregoing, we find that reciprocal discipline is warranted based on the findings of the Supreme Court of Florida, and as such, under the circumstances, a three-year suspension is warranted.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and AUSTIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, David Jay Bernstein, is suspended from the practice of law for a period of three years, commencing April 5, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 5, 2023. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, David Jay Bernstein, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, David Jay Bernstein, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, [*4]or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David Jay Bernstein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court